# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DELILAH OCHOA MORALES,<br><br>　　　　　　　　　　　Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | CASE NO. 07CV1759 BTM<br>　　　　　　05CR1196 BTM<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

On September 6, 2007, Petitioner, proceeding pro se, filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582. Petitioner is currently serving a 36-month prison sentence for alien smuggling. She was sentenced by this Court on July 7, 2006 pursuant to a Resolution Agreement that was reached after Petitioner was found guilty by a jury on six counts of alien smuggling. [Doc. #49.] In exchange for Petitioner waiving her right to appeal or collaterally attack her conviction or sentence, the Government agreed to dismiss two of the six counts of conviction, which reduced the mandatory minimum sentence from five years to three years. Petitioner's waiver was contingent upon this Court not imposing a sentence greater than the jointly stipulated and statutorily mandated three years of prison. Since the Court did not impose a sentence greater than three years (36 months), Petitioner has waived the right to collaterally attack her sentence, such as with the present motion.

A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Petitioner has made no

argument that her execution of the Resolution Agreement was involuntary and, in fact, Petitioner specifically acknowledged at her sentencing that she was voluntarily waiving her right to appeal and collaterally attack her sentence. (<u>See</u> Transcript of 7/7/06 Sentencing Proceedings at 16-19.) Accordingly, the Court will enforce Petitioner's waiver and deny her motion.

In addition, even if Petitioner's waiver did not preclude consideration of the present motion, there is no authority for this Court to revise its earlier sentence. Section 3582 allows the Court to modify a term of imprisonment once it has been imposed only in certain specifically enumerated situations: (1) upon motion of the Director of the Bureau of Prisons; (2) for any reason expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. As the present motion was not made by the Bureau of Prisons, the first situation is inapplicable. As for the second possibility, Rule 35 only allows a court to correct a sentence that resulted from "arithmetical, technical, or other clear error," and then only within 7 days of sentencing. As Petitioner was sentenced over one year ago, Rule 35 is inapplicable. Petitioner has not cited any other statute that would permit this Court to revise its previous sentence. Finally, there has been no showing that Petitioner's sentence was based upon any sentencing range that has subsequently been lowered. Rather, she was sentenced to the statutory minimum term of three years.

For all of the above reasons, Petitioner's motion must be **DENIED**.

**IT IS SO ORDERED.**

DATED: September 27, 2007

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge